[This decision has been published in *Ohio Official Reports* at 94 Ohio St.3d 1237.]

IN RE DISQUALIFICATION OF FUERST.

THE STATE OF OHIO *v*. MCCAULEY.

[Cite as *In re Disqualification of Fuerst*, 2001-Ohio-4104.]

*Judges—Affidavit of disqualification—Judge will not be disqualified based on vague and unsubstantiated claims of ex parte communications.*

(No. 01-AP-082—Decided September 14, 2001.)

ON AFFIDAVIT OF DISQUALIFICATION in Cuyahoga County Common Pleas Court case Nos. CR407194 and CR407947.

_____

MOYER, C.J.

{¶ 1} This affidavit of disqualification filed by Mark E. Sullivan, counsel for defendant, seeks the disqualification of Judge Nancy Fuerst from further proceedings regarding the above-referenced case, *State v. Ernest McCauley.*

{¶ 2} Affiant claims that Judge Fuerst is biased and prejudiced against his client because the judge has reviewed search warrant affidavits and grand jury testimony and, on August 6, 2001, conducted an ex parte meeting with prosecutors and police detectives. Affiant does not state the substance of the alleged discussions or the manner in which they were improper.

{¶ 3} Affiant fails to note that Judge Fuerst's review of the search warrant affidavits and grand jury testimony occurred for the purpose of determining whether to issue the requested warrants and to rule on the affiant's motion to compel disclosure of allegedly exculpatory evidence that was presented to the grand jury. A judge will not be disqualified based on unsupported allegations of misconduct that are based on the regular and proper performance of his or her judicial duties.

**{¶ 4}** With regard to the claim of ex parte communications, affiant does not disclose the circumstances surrounding the alleged meeting with police and prosecutors or provide any evidence in support of his implied assertion that any discussions that occurred during this meeting were improper. Judge Fuerst says that she was required to separate the parties after they became involved in "loud, heated discussions" and denies that any improper discussions occurred. A judge will not be disqualified based on vague and unsubstantiated claims of ex parte communications. See *In re Disqualification of Cacioppo* (1996), 77 Ohio St.3d 1245, 674 N.E.2d 356.

**{¶ 5}** For these reasons, the affidavit of disqualification is found not well taken and is denied. The case shall proceed before Judge Fuerst.

—————————